IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK COLEY,

Petitioner,

v.

OPINION AND ORDER

19-cv-532-wmc

MATTHEW MARSKE,

Respondent.

---

Petitioner Derrick Coley, who was previously a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief pursuant to 28 U.S.C. § 2241. In his petition to this court, Coley alleges that in December of 2018, he was placed in a halfway house in Chicago, Illinois, but on April 17, 2019, he was arrested and sent back to FCI-Oxford because he had violated halfway house conditions. Coley claims that the criminal charges were dropped on June 11, 2019, but the Bureau of Prisons ("BOP") failed to place him back in a halfway house after that charge was dismissed. He therefore requests placement in a halfway house or supervised release. This petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions not brought under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. Since it appears that this petition is both moot and lacking in merit, the court will direct Coley to show cause as to why this petition should not be dismissed.

OPINION

A petition for a writ of habeas corpus is the proper vehicle for a prisoner who is challenging the fact or duration of confinement, and is seeking immediate release. *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *Glaus v. Anderson*, 408 F.3d 382, 387-88 (7th Cir. 2005) ("*Graham* outlines a clear distinction: a petitioner requests either a "quantum change in the level of custody," which must be addressed by habeas corpus, or "a different program or location of environment," which raises a civil rights claim); *see also Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999) (habeas corpus is the proper vehicle for presenting a claim "only if the prisoner is seeking to 'get out' of custody in a meaningful sense). There is some disagreement in this circuit as to whether § 2241 is the proper vehicle for prisoners seeking to challenge the BOP's decisions regarding halfway house placement. *Compare Stokes v. Cross*, No, 13-998-CJP, 2014 WL 503934, at *2 (S.D. Ill. Feb. 26, 2014) (challenge to halfway house placement must be brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), *and Woolridge v. Cross*, No. 14-cv-963, 2014 WL 4799893 (S.D. Ill. Sept. 26, 2014) (same), *with Moody v. Rios*, No. 13-cv-1034, 2013 WL 5236747, at *1 n.1 (C.D. Ill. Sept. 17, 2013) (section 2241 is the proper way to challenge denial of a request to be placed in a halfway house for more than six months) *and Pence v. Holinka*, No. 09-cv-489, 2009 WL 3241874, at *1 (W.D. Wis. Sept. 29, 2009) (same). Here, given that Coley is not requesting outright release, and instead a return to a halfway house or to supervised release for the duration of his sentence, the court has concerns that § 2241 is the proper avenue for him to challenge the BOP's decision.

In any event, even assuming Coley's claim is cognizable under § 2241, the BOP has significant discretion when it comes to halfway house placement decisions. *See Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (citing *Fegans v. United States*, 506 F.3d 1101, 1105 (8th Cir. 2007)); *see also* 18 U.S.C. §§ 3621(b) (delegating BOP sole authority to designate federal prisoner placement, and providing five factors for consideration), 3624(c) (directing BOP to consider residential reentry placement for inmates in the final portion of their sentence, using the factors set forth in § 3621(b)). Coley has not alleged that the BOP's decision to place him back in FCI-Oxford ran afoul of any of its policies or regulations; instead, his claim appears to rely on his apparent belief that because the criminal charges were dismissed, the BOP is required to transfer him back to a halfway house. Coley has not alleged that the BOP failed to consider the appropriate factors set forth in § 3624(c); rather, it appears that Coley disagrees with the decision-making, which falls far short of indicating that the BOP's decision was "arbitrary, capricious or otherwise an abuse of discretion." *Woods v. Wilson*, No., 09-cv-0749, 2009 WL 2579241, at *2 (N.D. Ill. Aug. 19, 2009) (citing *Tristano v. Fed. Bureau of Prisons*, No. 07-C-113-C, 2008 WL 3852699, at *1 (W.D. Wis. May 15, 2008)).

However, this deficiency is of no moment since Coley's petition appears moot. Based on the court's review of the Federal Bureau of Prison's inmate locator, it appears that he has been released from FCI-Oxford. *See* https://www.bop.gov/inmateloc (last visited May 14, 2021). Coley has not updated the court about his status, so it is unclear whether he remains under the terms of supervised release, but at minimum, it appears that

his request for release to a halfway house is moot. However, before dismissal, the court will give Coley the opportunity to correct the court and explain why he may still be entitled to relief under § 2241, which requires a showing that he is currently in custody in violation of the Constitution or the laws of the United States.

## ORDER

IT IS ORDERED that petitioner Derrick Coley has until **June 2, 2021**, to show cause as to why this petition is not moot, and why he is entitled to relief under § 2241. Failure to respond by that date will result in dismissal of this action.

Entered this 19th day of May, 2021.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge